# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF KANSAS

IN RE:                              )
                                    )
  Edwin James Snowberger     )     CASE NO.
  Michelle Denise Snowberger )
        Debtor(s)       )

## CHAPTER 13 PLAN

DEBTOR:      Edwin James Snowberger    SSN:   XXX-XX-1379

             Michelle Denise Snowberger  (4 digits) XXX-XX-7135

ADDRESS:  Debtor:                        Joint Debtor:

           P.O. Box 753             324 West 10th

           1402 Rucker Road        Junction City, KS 66441

           Junction City, KS 66441

Debtor or Debtors (hereafter Debtor) proposes:

**1. PLAN PAYMENT**: $ _____40.62_____ (choose one) monthly / **biweekly** / weekly for the first __36__ months of the plan.

The Plan Payment shall be made by: (choose one)*

**√Employer pay order** directed to _____Stacy's Restaurant_____ at ___118 West Flint Hills Blvd., Junction City, KS 66441____ **

\* Please note that if Debtor is employed and is required to make mortgage payments through the Chapter 13 Trustee pursuant to Standing Order 08-1, Debtor is required to make Plan payments via an income withholding order.

\*\* Debtor is required to make the first plan payment within 30 days of the date of filing of the bankruptcy petition. If Debtor has requested that plan payments be made via income withholding order but such funds have not been withheld at that time,

**2. GENERAL PROVISIONS**: Based upon Debtor's Official Bankruptcy Form 22C, the Applicable Commitment Period for this Plan is (Choose one.) **36 months** or 60 months. The net result from Form 22C is ___$ 0.00___, which multiplied by the ACP (36 or 60) = $ __$0.00___, the amount required to be paid to unsecured creditors per Form 22 C. Debtor reserves the right to extend the Plan length up to 60 months. The amount proposed to be paid through this Plan for unsecured debt is at least the amount required to be paid for the Applicable Commitment Period.

**IT IS / IS NOT (Choose one) ANTICIPATED THAT THERE WILL BE FUNDS PAID TO GENERAL UNSECURED CREDITORS THROUGH THIS PLAN.**

**3. ADMINISTRATIVE:** (Choose one)

Proposed pre-confirmation debtor's attorney fees are $ __3,200.00__ . Debtor has paid $ __1,855.00__ direct to the attorney. $ __1,345.00__ will be paid to the attorney over approximately the first __36__ months of the Plan; to the extent funds are available. The Chapter 13 Trustee shall be paid up to 10% of all funds disbursed by him. Counsel for Debtor reserves the right to submit additional fee applications, either on a time and charges basis or for specific tasks. The Debtor consents to such increases in Plan payments as may be necessary to pay such additional fees.

Debtor's Attorney fees will include an additional $150.00 per motion or notice for any and all motions or notices filed with the United States Bankruptcy Court to close the Chapter 13 Bankruptcy Case. Such motions or notices include but are not limited to the following: Motion for Entry of Discharge, Notice of Compliance, Motion for Additional Attorney Fees, and Chapter 13 Debtor's Certifications Regarding Domestic Support Obligations and Section 522(q).

**4. FILING FEE:** The filing fee of __$274.00__ **has been paid** OR the filing fee of____will be paid by the Trustee from payments made by the Debtor.

**5. FINANCIAL MANAGEMENT COURSE FEES:** Financial Management Course fees of $ __39.00__ have been paid to _Start Fresh Instructional_ .

**6. TAX REFUND FOR THE YEAR IN WHICH THE DEBTOR FILED THIS BANKRUPTCY:** Debtor will immediately pay over to the Trustee the tax refund. The Trustee will remit to the Debtor any portion of the refund that Debtor is entitled to retain. The Trustee will honor any proper assignment of the tax refund to Debtor's counsel and promptly remit such funds to Debtor's counsel. The Trustee will not retain a trustee's fee on amounts of the refund remitted to Debtor or to Debtor's counsel pursuant to the tax assignment.

**7. TAX RETURNS:** Federal and state tax returns for the preceding four years __X__have____have not been filed. Debtor has not filed returns for the following years_____. Debtor will timely file all tax returns during the pendency of this case.

**8. DOMESTIC SUPPORT OBLIGATIONS:** The Joint Debtor, Michelle Snowberger, **owes** a domestic support obligation. Such obligation consists of payments that are **ongoing and in arrearage.** Below is a summary of all domestic support obligations owed, including **child support**, maintenance, property settlement and third party debt repayment, with the names of the creditors and amounts owed, pre and post petition. Joint Debtor has provided the Chapter 13 Trustee with the name, address and phone number for each child support creditor.

| Creditors | Pre-Petition Arrears | Post-Petition Amount |
|-----------|---------------------|----------------------|
| Kansas Payment Center<br>P.O. Box 758599<br>Topeka, KS 66675-8599<br>877-572-5722 | $29,400.00 | $116.00 per month |

Recipient: Ronald Greer
736 W. Hubble
Marshfield, MO 65706

**Joint Debtor, Michelle Snowberger, was making regular payments on this pre-petition support arrearage when the bankruptcy was filed, and will continue to make these same payments directly to Kansas Payment Center outside of the Chapter 13 plan.** If the Debtor continues to make direct regular payments on the prepetition arrearage, and also pays in full any post-petition support obligations, Debtor shall be deemed "current" on all support payments, for the purpose of being eligible for discharge, upon completion of the plan. Any amount of domestic support obligations that remains unpaid following the completion of the Chapter 13 plan will not be discharged, but will remain outstanding and collectible.

Pursuant to the Bankruptcy Code, 11 U.S.C. § 1328(a), before a debtor may receive a discharge, that debtor is required to pay, in full, any domestic support obligation (usually child support or alimony) owed on or before the date debtor certifies [at the end of the case] that all obligations are current ("including amounts due before the petition was filed, but only to the extent provided for by the plan"). **Debtor's Chapter 13 plan cannot be confirmed without that provision, unless the Debtor's plan clearly proposes less than full payment of domestic support obligations during the life of the plan to the creditor, AND that creditor consents to the lesser treatment. The Joint Debtor proposes less than full payment of domestic support obligations during the life of the plan to the creditor. Joint Debtor proposes to continue to make monthly payments toward the ongoing child support and the child support arrearages pursuant to the income withholding order that is already in place. Additionally, capture of tax refunds will serve to further reduce arrearages.**

**Unless a formal objection to this plan is filed with the Bankruptcy Court prior to confirmation of this plan, the persons or entities to whom a Domestic Support Obligation is owed will be deemed to have accepted the treatment of their claims through this plan and will be bound by the terms of the confirmed plan.**

9. **PRIORITY TAX CLAIMS**: Joint Debtor shall pay all allowed priority claims under 11 USC 507, without post petition interest. Joint Debtor estimates that the IRS is owed $ 67.00 and the state of Kansas is owed $ 588.00 . Payments through the Trustee of the principal and interest of the tax obligations due as of the date of the filing of the bankruptcy petition (as determined by the creditor's proof of claim or order of the

Court) shall result in a full and total discharge of all obligations of the Joint Debtor for those taxes except the IRS debt is not discharged to the extent provided by 11 U.S.C. 1328(a). Unless placed in controversy, the specific dollar amount to be paid shall be in accordance with the creditor's proof of claim. Unless objected to, the claim shall be deemed allowed. (Certain tax claims may be secured and will be treated accordingly, if they exist.)

10. **PROPERTY TO BE SURRENDERED:** The following property will be surrendered as indicated:

| PROPERTY TO BE SURRENDERED | CREDITOR WITH SECURED CLAIM IN COLLATERAL |
|---|---|
| Real Property located at:<br>1402 Rucker Rd.<br>Junction City, KS 66441 | Beneficial Finance<br>Attn: Bankruptcy<br>961 Weigel Dr.<br>Elmhurst, IL 60126 |
| 1402 Rucker Rd.<br>Junction City, KS 66441 | Beneficial<br>P.O. Box 3425<br>Buffalo, NY 14240 |

Any Creditor seeking to repossess / foreclose the collateral described in this section prior to confirmation must seek and obtain an order from the Court granting relief from the automatic stay, unless the automatic stay no longer applies under 11 U.S.C. 362(c). Upon plan confirmation, the automatic stay will be deemed lifted for the collateral identified above for surrender and the Creditor need not file a motion to lift stay in order to repossess, foreclose upon or sell the collateral. This provision is not intended to lift any applicable co-Debtor stay or to abrogate Debtor's state law contractual rights. Unless specifically otherwise indicated, Creditors with a security interest in collateral to be surrendered shall be allowed to file a general unsecured deficiency claim.

11. **REAL ESTATE MORTGAGES:**

√ **Debtors are in arrears on the following real estate mortgage obligations. Debtors will not pay arrearages and ongoing post-petition real estate mortgage payments through the Plan (conduit payments) pursuant to Standing Order 08-1 and comply with all provisions thereof as the Debtors are surrendering their interest in the real property in accordance with paragraph ten above.**

| REAL PROPERTY<br>CREDITOR | MO. PYMT<br>AMT. | EST.<br>ARREARS | EST. TOTAL<br>DEBT |
|---|---|---|---|
| Beneficial Finance<br>Attn: Bankruptcy<br>961 Weigel Dr.<br>Elmhurst, IL 60126<br>(Real Property being surrendered in accordance with #10: Property to be Surrendered) | $1240.00 | $6852.00 | $96,298.00 |
| Beneficial<br>P.O. Box 3425<br>Buffalo, NY 14240 | | $13,664.00 | $13,664.00 |

Unless specifically controverted herein or by an objection to the claim, the amounts contained in the real property creditor's allowed Proof of Claim shall control, and the amounts listed here are estimates. No disbursements shall be made until a Proof of Claim is filed.

The amount of the pre-petition arrearage as specified in the creditor's proof of claim shall govern, unless specifically controverted in this plan or by an objection to the claim as required by D. Kan. LBR 3015(b).1.

12. **NON-REAL ESTATE SECURED CREDITORS**: All non-real estate secured creditors shall retain their liens pursuant to 11 U.S.C. 1325(a)(5) and shall release their liens on the collateral at discharge.

All adequate protection payments, if any, will be made through the Chapter 13 Trustee pursuant to D. Kan. LBR 3015(b).1(g). A Proof of Claim must be on file before adequate protection payments will be disbursed. Any adequate protection payments made pre confirmation shall be credited against the allowed principal secured portion of the creditor's claim. If no adequate protection payment is specified, Debtor proposes that creditors will be adequately protected by Debtor promptly beginning to make monthly payments under the Plan, and for the Trustee to disburse as soon as is practicable. If confirmation is delayed, Debtor will join the Trustee in seeking disbursement of plan payments as if the plan was confirmed when appropriate.

The proposed monthly payments are estimates. The amounts may be adjusted up or down by the Trustee, in his discretion, as is necessary to make the plan feasible and to pay the secured creditors as required. Debtor reserves the right to increase payments to the secured creditors beyond the estimated equal monthly payment amount, as Debtor may be willing and able to pay. For vehicles, please specify the make, model, year, mileage and condition and the method used for determining value. The following subsections (A, B, and C) address non-real estate mortgage secured creditors:

> A. **GENERAL SECURED CREDITORS:** The following are general secured creditors and shall be paid the value of their collateral or the amount of the claim, whichever is less, unless otherwise specified, plus the current discount / "Till" rate (Prime plus 1.5%). The Plan shall determine the value of the collateral.

| CREDITOR | COLLATERAL | TOTAL DEBT | VALUE | EST. MO. PYMT | ADEQUATE PROTECTION |
|---|---|---|---|---|---|
| Central National Bank<br>P.O Box 1209<br>Junction City, KS 66441 | 2002 Chevrolet Blazer<br>138,000 miles<br>Condition: Fair<br>Method for Valuation: NADA | $967.00 | $4275.00 | $218.00 | |

(**Payments are to be made directly to the creditor outside of the plan.)

Fidelity National Bank    401(k)                    $876.82    $12,030.00    $30.43
P.O Box 105363
Atlanta, GA 30348-5363
(**Debtor will continue to make payments directly to the creditor via withholding from his paycheck)


Martinez Sales and Rentals   Coffee Tables,   $241.00    $420.00        $25.00
705 N. Washington St.        End Tables and
Junction City, KS 66441      Lamps
(**Joint Debtor to pay Creditor directly outside of the plan)

B. **910 CAR LOAN SECURED CREDITORS:** The following are "910" creditors as defined in 11 U.S.C. 1325(a)(9), who claim a purchase money security interest in a motor vehicle acquired for the personal use of the Debtor, for debts incurred within 910 days prior to the filing of the bankruptcy petition. Debtor proposes to pay the following 910 Creditors in full plus the current discount / "Till" rate (Prime plus 1.5%). Unless otherwise specifically indicated, the Creditor's allowed Proof of Claim shall control the amount to be paid over the life of the Plan.

| CREDITOR | COLLATERAL | TOTAL DEBT | EST. MO. PYMT | ADEQUATE PROTECTION |
|---|---|---|---|---|
| Capital One Auto Finance<br>3901 Dallas Pkwy<br>Plano, TX 75093 | 2004 Jeep Liberty<br>90,000 miles<br>Condition: Fair<br>Method for Valuation: NADA | $8,468.00 | $357.00 | Adequate protection is provided by the Section of this Plan which provides that the Trustee should pay as if confirmed and prior to the claims bar date. |

C. **ONE-YEAR LOAN CREDITORS**: The following are "one year loan" creditors, as defined in 11 U.S.C. 1325(a)(9), who claim a purchase money security interest in personal property, other than a motor vehicle acquired for the personal use of the Debtor, for debts incurred within one-year preceding the filing of the bankruptcy petition. Debtor proposes to pay the following "one-year loan" creditors in full plus the current discount / "Till" rate (Prime plus 1.5%). Unless otherwise specifically indicated, the Creditor's allowed Proof of Claim shall control the amount to be paid over the life of the Plan.

| CREDITOR | COLLATERAL | TOTAL DEBT | EST. MO. PYMT | ADEQUATE PROTECTION |
|---|---|---|---|---|

13. **LIEN AVOIDANCES**: Debtor will seek to avoid the following liens under 11 U.S.C. 522(f) by the filing of an appropriate motion:

14. **SPECIAL CLASS CREDITORS**: Special Class Creditors, if any, are to be paid as specified. Unless otherwise ordered by the Court, Special Class Creditors shall NOT share pro rata in the amount to be paid to unsecured creditors as determined by Form 22C or the liquidated value of the estate per the "Best Interests of Creditors Test".

15. **STUDENT LOAN OBLIGATIONS**: The student loan creditor shall not share, pro rata, with other general unsecured creditors. Student Loans are to be paid outside of the plan. Debtor is aware that interest will continue to accrue post-petition. Further, Debtor is aware that any amount not paid on the student loan debt during this bankruptcy will survive the bankruptcy and will still be owed by the Debtor, unless Debtor files an adversary proceeding to determine the dischargeability of the debt and prevails on the merits.

       <u>CREDITOR</u>                         <u>ESTIMATED AMOUNT OF DEBT</u>

16. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES**: Post-petition payments on executory contracts and unexpired leases that are assumed shall be paid directly to the creditor, unless otherwise specified. Any pre-petition arrearages shall be cured by payments to be made by the Debtor direct to the creditor, unless otherwise specified.

       <u>CONTRACT HOLDER</u>                 <u>DESCRIPTION OF CONTRACT</u>

**Mr. Tripplet**                         **Joint Debtor's Residential Rental Lease for:**
**708 Crestview Drive**               **324 W. 10th, Junction City, KS 66441**
**Junction City, Kansas 66441.**

**(\*\*\*Lease will be assumed by Joint Debtor, Michelle Snowberger.)**

17. **PLAN AMENDMENTS**: Debtor hereby reserves the right to modify this Plan pursuant to 11 U.S.C. 1329 and to include post-petition debt pursuant to 11 U.S.C. 1322(b)(6).

18. **GENERAL UNSECURED CREDITORS**: General unsecured claims will be paid after all other unsecured claims, from the funds to be paid to unsecured creditors either as determined by Official Bankruptcy Form 22C or through the satisfaction of the "Best Interests of Creditors Test" pursuant to 11 U.S.C. 1325(a)(4), whichever is higher.

19. **"BEST INTERESTS OF CREDITORS TEST"**: Pursuant to 11 U.S.C. 1325(a)(4), the liquidation value of Debtor's nonexempt property is_____. (List the property, explain how the computation of the liquidation value was made or attach a separate document explaining this.)

20. **PROPERTY OF THE ESTATE**: In addition to the property specified in 11 U.S.C. 541, property of this bankruptcy estate includes all property acquired after the filing of

the bankruptcy petition, including earnings. Except as otherwise provided, the Debtor shall remain in possession of all property of the estate.

**21. EFFECT OF CONFIRMATION: ANY CREDITOR FAILING TO OBJECT TO CONFIRMATION OF THE PLAN IS DEEMED TO HAVE ACCEPTED THE PLAN. AN AGREED ORDER MAY BE ENTERED RESOLVING OBJECTIONS TO CONFIRMATION.** If a creditor files a secured claim that is not provided for in the Plan, the claim shall be allowed as filed unless objected to by the Debtor or resolved by plan amendment or agreement of the parties. All property of the estate will revest in the Debtor(s) at discharge, unless otherwise ordered by the Court pursuant to 11 U.S.C. 1322(b)(9). **ONCE CONFIRMED BY THE COURT, THIS PLAN BINDS THE DEBTOR AND EACH CREDITOR, WHETHER OR NOT THE CLAIM OF SUCH CREDITOR IS PROVIDED FOR BY THE PLAN AND WHETHER OR NOT SUCH CREDITOR HAS ACCEPTED, REJECTED OR OBJECTED TO THE PLAN.**

Confirmation of the Plan shall be deemed a finding by the Bankruptcy Court that the Debtor has complied with all of the applicable sections of 11 U.S.C. 1322 and 1325, and that Debtor shave fulfilled all of their pre-confirmation obligations under 11 U.S.C. 521.

Dated: _8- 20 -10_  Debtor: _____

Joint Debtor: _____

_____
Attorney for Debtor(s)
Form Chapter 13 Plan, Revised 9/30/08